UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NABIL MANLEY,<br><br>     Petitioner,<br><br>    vs.<br><br>ROSEANNE CAMPBELL, Warden,<br><br>     Respondent. | No. 2:03-cv-00030-JKS<br><br>ORDER<br>[Re: Supplemental Briefing] |

   The record in this case shows that Petitioner timely appealed his conviction to the California Court of Appeal, which affirmed his conviction in an unpublished written decision. Petitioner's petition to the California Supreme Court was summarily denied without opinion on January 14, 1998. Petitioner did not file a petition for *certiorari* with the U.S. Supreme Court and his conviction became final 90 days later, April 14, 1998. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir.2001).

   On December 16, 1998,[1] after 246 days had lapsed, Petitioner filed a *pro se* petition for a writ of habeas corpus in the Sacramento Superior Court, which was denied in a written decision on February 16, 1999. On December 27, 1999, Petitioner, represented by counsel, filed a petition for a writ of habeas corpus in the California Court of Appeal, which was summarily denied without opinion on January 20, 2000. On January 16, 2001, Petitioner, represented by counsel, filed a petition for a writ of habeas corpus in the California Supreme Court, which was summarily denied without opinion on June 27, 2001. At that point, Petitioner had approximately four months (119 days), within which to timely file a petition for habeas relief in the federal

---

   [1] The petition bears a filing date stamp of December 18 but shows that it was signed and presumptively mailed on December 16. California follows the "mail-box" rule, *i.e.*, that a document is deemed filed when delivered to prison officials for mailing. *See In re Jordan*, 840 P.2d 983, 985 (Cal.1992) (holding that the "prison delivery" rule applies in California). Accordingly, in the absence of evidence to the contrary the court assumes the filing to be the date it was signed.

courts.  On August 20, 2001, Petitioner, appearing *pro se*, filed a partially unexhausted petition for a writ if habeas corpus in this Court, which was dismissed on April 17, 2002, before answer upon motion of the Petitioner without prejudice.  Petitioner, appearing *pro se*, then filed a successive petition for a writ of habeas corpus in the California Supreme Court on May 16, 2002, which was denied on November 20, 2002, citing *In re Clark* (1993) 5 Cal.4th 750; *In re Miller*, (1941) 17 Cal.2d 734.  On January 9, 2003, Petitioner, represented by counsel, filed the instant petition for a writ of habeas corpus in this Court.

Because Petitioner filed his petition after April 24, 1996, it is governed by the one-year limitation period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), unless the time was tolled under § 2254(d)(2).  Absent tolling, the petition was due April 14, 1999.  The record in this case shows that the petition pending before this Court was filed nearly five years after the conviction became final and more than 18 months after the California Supreme Court denied his petition for a writ of habeas corpus in the first round of state post-conviction relief.  It appears to the Court that the petition should be dismissed as untimely.

IT IS THEREFORE ORDERED THAT on or before June 15, 2007, the parties must separately file supplemental memorandum of law addressing the issue of why this petition should or should not be dismissed as untimely.  On or before June 25, 2007, each party may file a reply to the other party's memorandum.  The memoranda should address the applicability and impact of *Day v. McDonough*, 547 U.S. 198 (2006), *Rhine v. Weber*, 544 U.S. 269 (2005), and *Lawrence v. Florida*, 549 U.S. ___, 127 S.Ct. 1079 (2007), as well as any pertinent Ninth Circuit decisions applying those decisions.

Dated: May 22, 2007.

                                                         s/ James K. Singleton, Jr.
                                                         JAMES K. SINGLETON, JR.
                                                         United States District Judge