IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NABIL MANLEY,<br><br>             Petitioner,<br><br>     vs.<br><br>JAMES WALKER,[1] Warden, California State Prison, Sacramento,<br><br>             Respondent. | No. 2:03-cv-00030-JKS<br><br>ORDER<br>[Re:  Motion and Docket No. 32] |

I.  MOTION

At Docket No. 32, petitioner, Nabil Manley, a state prisoner appearing *pro se*, has filed a motion under Federal Rule of Civil Procedure 60(b)(1), (4), (5), and (6) for relief from the judgment entered herein on July 5, 2007.[2]  In his motion, Manley argues that under intervening

---

[1] James Walker, Warden, California State Prison, Sacramento, is substituted for Rosanne Campbell, Warden.  Fed. R. Civ. P. 25(d).

[2] As relevant to the proceedings, Rule 60(b) provides:
(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
          (1) mistake, inadvertence, surprise, or excusable neglect;
                              *   *   *   *
          (4) the judgment is void;
          (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
          (6) any other reason that justifies relief.
(c) TIMING AND EFFECT OF THE MOTION.
          (1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

decisions of the Ninth Circuit, he is entitled to equitable tolling during the entire period that his petitions for habeas corpus relief were pending in the California Courts.[3]  Accordingly, Manley argues that this Court erred in holding that his petition was untimely and he is entitled to reconsideration.[4]

## II.  PRIOR PROCEEDINGS

The record in this case shows that a Memorandum Decision and final judgment denying Manley's petition was entered on July 5, 2007.  In its Memorandum Decision denying the petition, this Court held that the petition was untimely and, alternatively, Manley was not entitled to relief on the merits.  Manley timely appealed to the Court of Appeals, Ninth Circuit, which denied a certificate of appealability on July 14, 2008.  In his motion, Manley asserts that the Ninth Circuit denied his request for reconsideration and the Supreme Court denied certiorari.  Manley also asserts that his application to file a successive petition for habeas corpus relief was denied by the Ninth Circuit.  Although the proceedings subsequent to the denial of a certificate of appealability by the Ninth Circuit do not appear of record, for the purposes of ruling on the pending motion this Court accepts them as true.

---

[3] *See Townsend v. Knowles*, 562 F.3d 1200, 1205-06 (9th Cir. 2009) (citing *Harris v. Carter*, 515 F.3d 1051, 1055-56 (9th Cir. 2008)) (holding that if the petition would have been timely under pre-existing circuit law, equitable tolling applied, notwithstanding the decision in *Pace v. DiGugliemo*, 544 U.S. 408 (2005), that statutory tolling was inapplicable).

[4] *See Phelps v. Alameida*, 569 F.3d 1120, 1124-41 (9th Cir. 2009) (analyzing the history of Ninth Circuit law concerning equitable tolling as applied to the timeliness of habeas petitions in the California courts, and the proper analysis under Rule 60(b)(6)).

III.  DISCUSSION

This Court need not reach the merits of Manley's position.  Even if this Court were to agree with Manley that this Court's decision on the issue of timeliness was erroneous, Manley would not prevail.  At most, Manley is entitled to a decision on the merits,[5] which this Court has already addressed and Manley does not challenge in his motion.

IV.  ORDER

**IT IS THEREFORE ORDERED THAT** the motion for reconsideration under Rule 60(b) is **DENIED**.

**IT IS FURTHER ORDERED THAT** this Court declines to issue a Certificate of Appealability.[6]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[7]

Dated:  March 31, 2010.

        /s/ James K. Singleton, Jr.
        JAMES K. SINGLETON, JR.
        United States District Judge

---

[5] *Id.* at 1140-41.

[6] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).

[7] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.